ÍVEL FURS, INC., Respondent, *v.* AIR DISTRIBUTION Co. OF N. Y. INC., Appellant.

First Department, June 22, 1948.

*Allen Ducker* of counsel (*Ducker and Feldman,* attorneys), for appellant.

*A. Alan Reich* of counsel (*Samuel Presser* with him on the brief; *Reich & Peller,* attorneys), for respondent.

VAN VOORHIS, J. On September 6, 1947, appellant Air Distribution Co. of N. Y., Inc., commenced an action in the Municipal Court to recover the sum of $622.97 for labor performed and materials furnished in the repair and restoration of a refrigeration system for the storage of furs upon the premises of respondent Ivel Furs, Inc. That action was at issue and on the calendar for trial on November 3, 1947. It was twice adjourned at the request of the defendant therein until January 14, 1948.

On November 25, 1947, Ivel Furs, Inc., brought an action in the Supreme Court against Air Distribution to recover $856.70 which it had paid to Air Distribution upon completion of the work, and an additional sum of $5,450 damages claimed to have resulted to furs due to inadequate refrigeration for their storage. Ivel Furs, Inc., made an application to remove the Municipal Court action to the Supreme Court and consolidate it with the Supreme Court action under section 97 of the Civil Practice Act, and for a stay of the Municipal Court action. The application for consolidation was denied by an order of the Supreme Court, Mr. Justice VALENTE presiding, with an opinion stating: " No attempt is made to set forth facts showing that the claim of the Supreme Court plaintiff is meritorious. No affidavit by an officer of the plaintiff is submitted. A showing of merit is necessary, for otherwise it is possible that the only purpose of bringing the Supreme Court action was to delay the Municipal Court action commenced by the defendant in the Supreme Court action. The motion is accordingly denied, but without prejudice."

Meanwhile the Municipal Court action was adjourned from January 14th to March 9, 1948. On March 8, 1948, on the eve of the trial of said Municipal Court action, Ivel Furs, Inc., obtained a second order to show cause, containing a stay, why the actions should not be consolidated. The Municipal Court action was thereupon adjourned to March 23, 1948. This second motion to consolidate resulted in the order of consolidation, the appeal from which is now before this court.

The record on this appeal indicates that Ivel Furs, Inc., the respondent herein, has made no attempt to comply with the condition imposed by Mr. Justice VALENTE, in denying the former motion to consolidate, that some facts should be set forth showing that the cause of action of Ivel Furs, Inc., in the Supreme Court is meritorious, and that the said action has not been commenced merely for the purpose of delay. That the latter is the case is indicated by the generality of the allegations in the complaint in the Supreme Court action, the circumstance that two bills of particulars have been served, each of which has been returned for insufficiency, and the circumstance that, in the face of Mr. Justice VALENTE's decision, no further attempt has been made by respondent on the second application for consolidation to set forth facts showing that the Supreme Court cause of action is meritorious. As has been stated, the complaint therein alleges two causes of action, the first being to recover a sum of money which Ivel Furs, Inc., alleges that it paid to Air Distribution on completion of the repair and restoration of its refrigeration system. This demand is based on failure to perform the work properly, but all that is alleged is that the agreement provided that the result to be accomplished " would be such as to produce a temperature sufficiently low as to provide for proper fur storage ", and that when the work was completed, " the refrigeration system would not function properly and did not produce a temperature sufficiently low as to provide for proper fur storage."

The second cause of action, repeating the first cause of action, states briefly that " By reason of the foregoing, plaintiff has sustained damages in the sum of $856.70 which plaintiff was obliged to pay for alleged repair and restoration which was not done as represented and warranted by defendant; and in the sum of $5,450 which was occasioned by the damage done to certain furs." These sparse and conclusory allegations give rise to the thought, expressed by Special Term on the first motion to consolidate, that the exclusive purpose of bringing the Supreme Court action was to delay the trial of the Municipal

Court action. Respondent was given opportunity to dispel such a conclusion by presenting on another application facts showing that the cause of action was meritorious. Respondent did not avail itself of that opportunity, and has taken no steps to place the case upon the calendar for trial.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion to consolidate the actions should be denied.

PECK, P. J., GLENNON and DORE, JJ. concur; SHIENTAG, J. dissents and votes to modify the order below by giving to the plaintiff in the Municipal Court action the right to open and close in the consolidated action.

Order reversed, with $20 costs and disbursements to the appellant and the motion to consolidate the actions denied. Settle order on notice.